| | | |
|---|---|---|
| NORTHLAND INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 7388 |
| | ) | |
| DORLAN CRANE, LINCOLN GENERAL | ) | Judge George M. Marovich |
| INSURANCE COMPANY, NANCY | ) | |
| HOFFMAN and MARK HOFFMAN, | ) | |
| individually and as parent and next friend of | ) | |
| KAREN HOFFMAN, a minor, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Northland Insurance Company ("Northland Insurance") filed a three-count second amended complaint against defendants Dorlan Crane ("Crane"), Lincoln General Insurance Co. ("Lincoln General") and Mark Hoffman, Nancy Hoffman and Karen Hoffman (collectively, the "Hoffmans"). In Count I, Northland Insurance seeks a judgment declaring that it has no duty to defend or indemnify Crane in litigation brought by the Hoffmans against Crane (and others). In Counts II and III, Northland Insurance seeks, in the alternative, reformation or rescission of an insurance policy.

Northland Insurance has filed a motion for summary judgment with respect to its claims. Although Northland Insurance seeks summary judgment on all of its claims with respect to every defendant, Northland Insurance has served only the Hoffmans with its motion and supporting papers. No appearance has been filed in this case on behalf of either Crane or Lincoln General, and it is unclear whether those parties were ever served notice of this lawsuit. It is clear (from Northland's notice of filing and certificate of service) that Northland did not serve either Crane or Lincoln General with plaintiff's second amended complaint.

For the reasons set out below, the Court denies plaintiff's motion for summary judgment and dismisses without prejudice plaintiff's claims.

## I.   **Background**

Unless otherwise noted, the following facts are undisputed by plaintiff Northland and defendants the Hoffmans. (As the Court noted above, Crane and Lincoln General were not served with the motion for summary judgment or the second amended complaint on which it is based.)

Plaintiff Northland Insurance is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Defendant Crane is a citizen of Illinois. The Hoffmans are citizens of Illinois.

At some point, Northland Insurance issued to Crane an insurance policy (the "Crane policy") that was effective April 14, 2002 to April 14, 2003. The Crane policy covered bodily injury or property damage "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The Crane policy excludes certain auto uses, such as "to carry property in any business" and use "in the business of anyone to whom the 'auto' is rented."

The Hoffmans have a lawsuit (the "Hoffman litigation") pending against Crane (among others) in the Circuit Court of Cook County. In the Hoffman litigation, the Hoffmans allege that on June 21, 2002, Crane was operating his semi-tractor trailer on Interstate 80. The Hoffmans further allege that Nancy Hoffman and Karen Hoffman suffered injuries when the front of Crane's vehicle came into contact with the back of a vehicle carrying Nancy and Karen Hoffman.

Absent from the record is any evidence that Crane ever demanded that Northland Insurance defend or indemnify him with respect to the Hoffman litigation. Nor is there any

evidence in the record that would suggest Crane has ever indicated that he intends to make a claim under the Crane policy.

## II.   **Summary judgment standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   **Discussion**

*Count I–Duty to Defend and Duty to Indemnify*

In Count I, Northland Insurance seeks a declaration that it has no duty under the Crane policy either to defend or to indemnify Crane with respect to the Hoffman litigation. Before the Court considers the merits of the claim, it must satisfy itself that it has jurisdiction over the claim. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001).

The exercise of the Court's judicial power under Article III of the Constitution "depends on the existence of a case or controversy." *United States National Bank of Oregon v. Independent Ins. Agents of Amer., Inc.*, 508 U.S. 439, 446 (1993). Federal courts do not have the power to render advisory opinions. *Id.* These principles are no less true when a litigant seeks a declaratory judgment under the Declaratory Judgment Act. 28 U.S.C. § 2201 ("In *a case of*

-3-

*actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . .") (emphasis added). Among other things required for a case or controversy, the plaintiff must have suffered an injury that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Northland Insurance bears the burden of establishing jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Northland Insurance fails to put forth evidence sufficient to establish the existence of a case or controversy as to Count I. Until an insured either makes a demand for payment under an insurance policy or threatens to make such a demand, there is no case or controversy over which the insurance company can seek a declaration of its rights. *Atlanta Int'l Ins. Co. v. Atchison, Topeka and Santa Fe Railway Co.*, 938 F.2d 81, 83-84 (7th Cir. 1991). Here, Northland Insurance presents no evidence that Crane has ever demanded or threatened to demand coverage for the Hoffman litigation under the Crane policy. What Northland Insurance seeks is an advisory opinion, which this Court will not and cannot provide. Thus, the Court lacks jurisdiction over Count I.

The Court denies plaintiff's motion for summary judgment with respect to Count I and dismisses Count I without prejudice.

*Counts II and III–Reformation and Rescission*

In Count II, Northland Insurance seeks reformation of the Crane policy, and in Count III, Northland Insurance seeks rescission of the Crane policy. The Court concludes that these claims, like Count I, are not ripe, and, accordingly, the Court lacks jurisdiction over these claims as well.

Northland Insurance has not put forth evidence of facts indicating the existence of a case or controversy with respect to Counts II and III. Northland Insurance's injury is hypothetical. Northland Insurance's brief makes clear that reformation and/or rescission may be appropriate in the future upon the occurrence of a particular event (namely the entry of a court order finding that Northland Insurance had a duty to defend or indemnify Crane with respect to the Hoffman litigation), which may or may not ever occur. Specifically, in its brief in support of its motion for summary judgment on Counts II and III, Northland Insurance states:

- If this Court were to find that the Northland Non-trucking Use Policy actually provides coverage to the 1998 Transcraft trailer, then Northland would be entitled to reformation of the policy in order to accurately reflect the intentions of the parties.
- If this Court finds that the absence of reference to the trailer in the non-trucking use endorsement is tantamount to full trucker's insurance for the trailer, then a mistake was made when the policy was drafted.
- In the event that this Court finds that the Hoffmans' position has any support on the record, the Northland Policy must be rescinded because if Dorlan Crane intended to purchase full truckers' coverage, he clearly misrepresented numerous material facts in his application.

(Northland Brief at 6, 7). These statements make clear that, as it stands, Northland Insurance has suffered no actual injury and none is imminent. Rather, Northland Insurance seeks rescission and reformation *if and only if* the Court, *at some point in the future*, concludes that Northland Insurance has a duty to indemnify or defend Crane with respect to the Hoffman litigation. The Court has not reached that conclusion. Nor can it reach that conclusion given that it lacks jurisdiction over Count I as well. The claims for rescission and reformation are not ripe. Accordingly, the Court has no jurisdiction over these claims.

Plaintiff's motion for summary judgment as to Counts II and III is denied, and Counts II and III are dismissed without prejudice.

## IV.  **Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment and dismisses plaintiff's claims without prejudice.

ENTER:

George M. Marovich
United States District Judge

DATED: April 7, 2005