UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHLAND INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 7388 |
| | ) | |
| DORLAN CRANE, LINCOLN GENERAL | ) | Judge George M. Marovich |
| INSURANCE COMPANY, NANCY | ) | |
| HOFFMAN and MARK HOFFMAN, | ) | |
| individually and as parent and next friend of | ) | |
| KAREN HOFFMAN, a minor, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Northland Insurance Company ("Northland Insurance") filed a three-count second amended complaint against defendants Dorlan Crane ("Crane"), Lincoln General Insurance Co. ("Lincoln General") and Mark Hoffman, Nancy Hoffman and Karen Hoffman (collectively, the "Hoffmans"). In Count I, Northland Insurance seeks a judgment declaring that it has no duty to defend or indemnify Crane in litigation (the "underlying suit") brought by the Hoffmans against Crane (and others). In Counts II and III, Northland Insurance seeks, in the alternative, reformation or rescission of an insurance policy.[1]

Northland Insurance (the "insurer") has filed, for the second time, a motion for summary judgment. The first time Northland Insurance filed a motion for summary judgment, the Court dismissed the case for want of jurisdiction on the grounds that Northland Insurance had failed to supply evidence that its insured, Crane, had ever claimed coverage for the underlying suit. Without such evidence, the issues were not ripe, and the Court lacked jurisdiction. Northland

---

[1]As the Court previously ruled, counts II and III become ripe if and only if the Court rules against plaintiff on the merits of count I.

Insurance subsequently informed the Court that Crane had, in fact, requested that the underlying suit be defended by the Northland Insurance policy. Accordingly, the Court granted Northland Insurance's motion to reinstate the case and granted Northland Insurance the opportunity to file a new motion for summary judgment.

This time, Northland Insurance seeks summary judgment with respect to only Count I, which seeks a declaration that Northland Insurance has no duty to defend or to indemnify Crane with respect to the underlying lawsuit. For the reasons set out below, the Court denies plaintiff's motion for summary judgment and dismisses the case without prejudice.

## I.    **Background**

 Unless otherwise noted, the following facts are undisputed by plaintiff Northland and defendants the Hoffmans.

Plaintiff Northland Insurance is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Defendant Crane is a citizen of Illinois. The Hoffmans are citizens of Illinois.

At some point, Northland Insurance issued to Crane an insurance policy (the "Northland policy") that was effective April 14, 2002 to April 14, 2003. The Northland policy covered bodily injury or property damage "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The Northland policy excludes certain auto uses, such as "to carry property in any business" and use "in the business of anyone to whom the 'auto' is rented."

The Hoffmans have a lawsuit (the "Hoffman litigation" or the "underlying suit") pending against Crane and Illinois State Motor Services, Inc. (among others) in the Circuit Court of Cook County. In the Hoffman litigation, the Hoffmans allege that on June 21, 2002, Crane was operating his semi-tractor trailer on Interstate 80. The Hoffmans allege that at the time, Crane

was operating his semi-tractor either as an agent/employee of Illinois State Motor Services, Inc. or pursuant to an agreement with Illinois State Motor Services, Inc. The Hoffmans further allege that Nancy Hoffman and Karen Hoffman (the "injured parties") suffered injuries when the front of Crane's vehicle came into contact with the back of a vehicle carrying Nancy and Karen Hoffman.

According to the affidavit supplied by an attorney for Northland Insurance, on the day after the accident, Crane's insurance agent reported the accident to Northland Insurance and requested coverage under the Northland policy. Days later, the Northland Insurance attorney informed Crane on the telephone that the June 21, 2002 accident should be covered by a different policy provided by a different insurance company. In early August 2002, the Northland Insurance attorney wrote Crane a letter, in which he asked Crane to withdraw his tender of defense and indemnity to Northland Insurance. Crane did not respond to the letter.

What Crane did, however, was provide Northland Insurance an affidavit, which Northland Insurance included with its summary judgment papers. In the affidavit, Crane swears that Illinois State Motor Services, Inc. (who is another defendant in the underlying action) provides trucker's insurance that covers his tractor and trailer when he is under dispatch or on a trip for Illinois State Motor Services, Inc. Crane further avers that he is being defended with respect to the underlying suit by Lincoln General Insurance Company, which is the insurance company from which Illinois State Motor Services, Inc. obtains the trucker's insurance it provides Crane. Crane also avers that while he expects the Northland policy to cover his truck when it is used for non-trucking purposes, he does not expect the Northland Insurance policy to cover his truck when he is on dispatch or driving for Illinois State Motor Services, Inc.

## II.     Summary judgment standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   Discussion

In Count I, the insurer, Northland Insurance, seeks a declaration that it has no duty under the Northland policy either to defend or to indemnify its insured, Crane, with respect to the underlying suit, the Hoffman litigation.  Under Illinois law, an insurer's duty to defend its insured in a lawsuit is broader than the insurer's duty to indemnify the insured for a judgment.  *American Alliance Ins. Co. v. 1212 Restaurant Group, LLC*, 794 N.E.2d 892, 897 (1st Dist. 2003).[2]  Thus, if an insurer has no duty to defend, it necessarily has no duty to indemnify.  *Fremont Casualty Ins. Co. v. Ace-Chi. Great Dane Corp.*, 739 N.E.2d 85, 89 (1st Dist. 2000).  The insurer's duty to defend "is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy."  *Dixon Distributing Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 398 (Ill. 1994).  If the complaint alleges facts that fall within (or potentially within) the

---

[2]The duty of a federal court considering a diversity case is "to predict what the state's highest court would do if presented with the identical issue."  *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004).

policy's coverage, the insurer has a duty to defend the insured in the lawsuit. *Dixon*, 641 N.E.2d at 398. The relevant complaint for comparison purposes is the most recently filed complaint. *See Dixon*, 641 N.E.2d at 399.

Before the Court considers the merits of the claim, however, it must again satisfy itself that it has jurisdiction over the claim. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). The exercise of the Court's judicial power under Article III of the Constitution "depends on the existence of a case or controversy." *United States National Bank of Oregon v. Independent Ins. Agents of Amer., Inc.*, 508 U.S. 439, 446 (1993). Federal courts do not have the power to render advisory opinions. *Id.* These principles are no less true when a litigant seeks a declaratory judgment under the Declaratory Judgment Act. 28 U.S.C. § 2201 ("In *a case of actual controversy* within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . .") (emphasis added). Among other things required for a case or controversy, the plaintiff must have suffered an injury that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Northland Insurance bears the burden of establishing jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Jurisdiction over a duty to defend is usually triggered before jurisdiction over a duty to indemnify. The Seventh Circuit "regularly say[s] that decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (collecting cases). In *Lear*, the Seventh Circuit also explained:

> A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant.

*Lear*, 353 F.3d at 583. Accordingly, the Seventh Circuit has concluded that indemnity issues should be postponed–either by dismissing the cause without prejudice or by staying the issue until a decision on the underlying suit has been rendered. *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 530 (7th Cir. 2005) (holding that the district court had acted "precipitously" in granting summary judgment on the indemnity issue and remanding "for either dismissal without prejudice of this issue or a stay of the proceedings relating to this issue until the underlying action in the Illinois state court has become final (and liability is determined).")

Thus, as noted above, the duty to defend generally ripens before the duty to indemnify. As the Court explained in its prior ruling, even the duty to defend (which arises upon the filing of the underlying suit), does not result in a case or controversy unless and until an insured either makes a demand for defense under an insurance policy or threatens to make such a demand. *Atlanta Int'l Ins. Co. v. Atchison, Topeka and Santa Fe Railway Co.*, 938 F.2d 81, 83-84 (7th Cir. 1991). When Northland Insurance filed the instant motion for summary judgment, it supplied an affidavit stating that, in June 2002, the insured requested defense by Northland Insurance with respect to the underlying suit.

As of now, however, the Court cannot help but conclude that there is no controversy between the insurer (Northland Insurance) and the insured (Crane) over the duty to defend. Yes, there is a dispute between the injured parties and the insurer over the duty to indemnify, as evidenced by the fact that the injured parties have actively participated in this suit and opposed

this motion.  The indemnification issue, however, is not yet ripe, because the injured parties have

not prevailed (and may never prevail) in the underlying suit.  The insured, unlike the injured

parties, has *never* appeared in this case, has *never* filed an answer and has failed to respond to the

insurer's first or second motions for summary judgment (though, in fairness, the Court notes that

the insurer served the insured with only the second motion for summary judgment).  The insured

has displayed a lack of interest in the outcome of this suit.  Interestingly, the insurer has never

sought a default judgment.  That may be because the insurer wants not a default judgment against

the insured but rather a decision against all the parties on the merits.  Or, perhaps it is because the

insured has been involved with this lawsuit in one small respect.  In November 2003, the insured

signed an affidavit *for this case*, and his affidavit make clear that he agrees with the insurer with

respect to the merits of the duty to defend issue.

It seems that both the insurer and the insured *agree* that the insurer has no duty to defend

the insured under the Northland policy.  The insurer and the insured agree that the insured is

*already* being defended in the underlying suit by a different insurer pursuant to a separate policy,

which both the insured and the insurer agree is the policy that covers the insured with respect to

the underlying suit.  Both the insurer and the insured agree that the Northland policy does not

apply to the underlying suit.  If they agree that the policy does not obligate the insurer to defend

the insured with respect to the underlying suit, then why might they want to clog up the court's

docket with a declaratory judgment action?  Perhaps it is because the insurer knows that if it can

get a declaration that it has no duty to defend, then it *necessarily* has no duty to indemnify.  So,

by suing for a declaration as to the duty to defend, it can reach the merits of the duty to indemnify

issue before the injured parties would have a right to seek a declaration as to the duty to

indemnify. The "dispute" between the insured and the insurer as to the duty to defend hardly seems like an actual case or controversy given that they agree on the merits of the issue. Even if it were an actual case or controversy, this situation strikes the Court as the type of situation when it is appropriate to exercise its discretion in declining to grant a declaratory judgment.

"[E]ven where a case presents an actual controversy, a court may refuse to grant declaratory relief for prudential reasons." *Alcan Aluminum Ltd. v. Department of Revenue*, 724 F.2d 1294, 1298 (7th Cir. 1984); *Chicago Furniture Forwarding Co. v. Bowles*, 161 F.2d 411, 412 (7th Cir. 1947) ("It is well settled that District Courts are endowed with discretion to determine whether the circumstances are such that they may well decline to entertain suits for declaratory relief . . . and the discretion is properly exercised by dismissing the suit when it is apparent that it will serve no useful purpose."). In considering whether to grant declaratory relief, courts consider such issues as whether the judgment would settle the controversy, whether the declaratory judgment would serve a useful purpose in clarifying the legal issues and whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*. *Nucor v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 579 (7th Cir. 1994); *Molex Inc. v. Wyler*, 334 F. Supp.2d 1083, 1088 (N.D. Ill. 2004).

In this case, the Court believes that entering a declaratory judgment would not serve a useful purpose or clarify any issues that need immediate clarification. The parties–the insurer and the insured–with a legal interest in the duty to defend issue agree that there is no duty to defend. Given the apparent lack of an actual controversy, it makes little sense for the Court to consider the issue. The real dispute–this time between the insurer and the injured parties–seems to be about the duty to indemnify, and there is no reason to consider that issue now. It will

become ripe if and only if the court in the underlying action grants judgment in favor of the injured party. Until that day, it makes little sense to spend judicial resources on this declaratory judgment action.

**IV.**   **Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment. For the reasons described above, the Court dismisses this case without prejudice. Case dismissed.

ENTER:

_George M. Marovich_

_____

George M. Marovich
United States District Judge

DATED:02/02/06